UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NANCY L. McCOMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:15-CV-75 |
| | ) | (VARLAN/GUYTON) |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 14], and the defendant's Motion For Summary Judgment [Doc. 16]. Plaintiff Nancy L. McComb ("McComb") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

McComb was 54 years of age when the ALJ issued the Decision in this case in March, 2010. She is a high school graduate, with over nine years of work experience as a computer programmer and a CAD Draftsman for Bechtel National (Tr. 31-32; 237-238). At a November, 2009 hearing before the ALJ, McComb, citing impairments, testified that she has not worked since November, 1998 (Tr. 37).

The Court has considered the medical evidence in the record, the testimony at the hearings, and all other evidence in the record. The parties have filed Memoranda [Docs. 15, 17]. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

## STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and the ALJ's findings are supported by substantial evidence in the record, the decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246

F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless. An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence and the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

3

## POSITIONS OF THE PARTIES

McComb is seeking disability benefits for the time period of November, 1998 through June 30, 2004 (Tr. 28). McComb testified, before the ALJ, that she was disabled due to "fatigue", "depression", and "brain fog" (Tr. 33). She also related episodes of panic attacks and trouble sleeping (Tr. 37-38). In support of her claim, McComb primarily relies on the assessments of her physician, Dr. Pamela Bridgeman, and her therapist, Eileen Kogen.

The Commissioner's position is that the ALJ properly reviewed and considered the medical evidence in the record, and the record as a whole. The Commissioner argues that all other complaints about the ALJ's Decision are not well-taken, and that the Decision is supported by substantial evidence.

## ANALYSIS

McComb makes several arguments. McComb argues that the "records" of her treating physician, Dr. Pamela Bridgeman, should have been more thoroughly evaluated by the ALJ and given some weight. McComb also argues that the ALJ should have addressed the treatment notes of her therapist, Eileen Kogen, and evaluated them as support for her claims. Plaintiff argues that the ALJ failed to cite specific evidence in evaluating her subjective complaints. Finally, McComb argues that the ALJ erred in determining that she could return to her past relevant work as a computer programmer.

The timing, for lack of a better term, of this case is problematic. As the ALJ noted at the November, 2009 hearing" ". . . the issue in this case is whether or not Ms. McComb was disabled prior to June 30, 2004. It is now late 2009. So that does create somewhat of an obstacle." The ALJ then emphasized that the relevant time period for evidence of disability was 1998 through

4

June, 2004. The ALJ correctly observed that any evidence post-2004 which is relevant could be considered, but it must relate back to the pre-June, 2004 time period.

The Court has reviewed the entire record, and the Court agrees with the ALJ that there is a paucity of medical evidence to support a finding of disability during the applicable period of the alleged onset date of November, 1998 through June 30, 2004. And for the following reasons, the Court finds that the ALJ's RFC for the Plaintiff of a limited range of light work is supported by substantial evidence.

Plaintiff argues that the ALJ failed to consider Dr. Bridgeman's January 30, 2008 opinion, which indicated that Plaintiff could perform only a limited range of sedentary work (Tr. 608-10). The Defendant argues, however, that an ALJ's decision to not explicitly discuss even a treating source's opinion does not require remand where the opinion is so "patently deficient" that the ALJ "could not possibly have credited it." Watters v. Comm'r of Soc. Sec., 530 F. App'z 419, 423 (6th Cir. 2011). The Court agrees in this case. The ALJ could not accept Dr. Bridgeman's opinion because it does not relate to the relevant period in this case (Tr. 608-10). It was written more than three years after Plaintiff's insured status expired in June, 2004. Dr. Bridgeman's opinion describes Plaintiff's functioning at the time the opinion was given (Tr. 608-10). Because Dr. Bridgeman's January 30, 2008 opinion did not assess McComb's functioning during the relevant period in this case, the ALJ's decision not to discuss the opinion does not warrant remand.

The Plaintiff also seeks to rely on Dr. Bridgeman's July 22, 2008 letter, in which she stated that Plaintiff had "a significant problem with persistent suicidal ideation" and chronic fatigue during the relevant period. The ALJ, however, did consider the letter and determined that

5

it did not support disabling limitations (Tr. 59-60, 411-13). Specifically, the ALJ found Dr. Bridgeman's opinion less reliable because the provider appeared unaware of the daily activities that the ALJ found inconsistent with Plaintiff's debilitating complaint (Tr. 60). An ALJ considers how familiar a doctor is with other information in the case record and how consistent the doctor's opinion is with the rest of the record when determining what weight to give that opinion. 20 C.F.R. §§404.1527(c)(4), 404.1527(c)(6). The ALJ explained that he found Dr. Bridgeman's opinion inconsistent with other evidence in the record. Therefore, the ALJ gave "good reasons" for giving the opinion little weight. See Miller v. Comm'r of Soc. Sec., 524 F. App'x 191, 194 (6th Cir. 2013) (unpublished) finding that an ALJ reasonably gave little weight to an opinion that was inconsistent with treatment records and other evidence, including evidence regarding daily activities).

The ALJ found that Plaintiff's reported daily activities were inconsistent with her claim of disability. An ALJ may consider daily activities in evaluating a claimant's subjective complaints. Temples v. Comm'r of Soc. Sec., 515 F. App'x 460, 462 (6th Cir. 2013). The ALJ found that treatment notes indicated that McComb was actively involved in some business activity and the building of a home and was able to hold meetings and complete income tax extensions (Tr. 58, 60, 239, 466, 468-69, 526). In addition, Plaintiff was able to leave town to care for a sick relative and kept herself "so busy" with "urgent business" in March and April 2004 that she had to miss mental health therapy appointments (Tr. 58, 60, 523, 526). Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 542 (6th Cir. 2007) (ALJ properly considered claimant's activities, which including travelling to a national park, in evaluating her credibility). Moreover,

6

the ALJ's findings are based on the treatment notes not only by Dr. Bridgeman, but also of Plaintiff's therapist, Kogen (Tr. 58-60, 466, 468-69, 523-26).

The ALJ fairly summarized Dr. Bridgeman's records by noting that the doctor assessed chronic fatigue and suicidal ideation and that blood work suggested a prior Epstein-Barr infection (Tr. 59, 411-13, 444).

The Court notes that the ALJ also did not commit error by failing to explicitly weigh a global assessment of functioning (GAF) score assessed by Jana Arwood, M.D., in May, 1997, although the ALJ did discuss it (Tr. 60, 577). Dr. Arwood's assessment does not relate to the relevant period in this case. All of Dr. Arwood's treatment of Plaintiff, including the assessment of the GAF score at issue, occurred more than a year before her alleged onset of disability, when Plaintiff was still employed as a computer programmer (Tr. 236-37, 577-81).

**Past Relevant Work**

At step four of the sequential evaluation, the claimant bears the burden of proving that she cannot return to her past relevant work. Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987); 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform any of her past relevant work, the ALJ must find her "not disabled." The ALJ determined that McComb remained capable of performing her past relevant work as a computer programmer (Tr. 60).

McComb objects to this finding. She argues that the ALJ failed to make any findings regarding the physical and mental demands of her past work as a computer programmer. The Court, however, agrees with the Defendant that the record in this case contained sufficient evidence regarding the demands of McComb's past relevant work (Tr. 229-30, 236-40). "The claimant is the primary source for vocational documentation, and statements by the claimant

7

regarding past relevant work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." SSR 82-62. In a work history report, McComb stated that her job as a computer programmer required her to lift no more than 10 pounds and to walk and stand for up to an hour each during the day (Tr. 237). She also described in detail the tasks required of her as a computer programmer (Tr. 239). The ALJ found that, even after she alleged disability, Plaintiff appeared to be actively involved in assisting her husband in a private business venture, performing work consistent with her vocational background (Tr. 29-30, 33-36, 60, 526). Because the ALJ found that Plaintiff was able to continue performing activities similar to her work duties as a computer programmer, he ultimately concluded that she retained the ability to perform that work during the relevant period (Tr. 60). The Court finds that this conclusion is supported by substantial evidence.

## CONCLUSION

It is **RECOMMENDED** (1) that the Plaintiff's Motion For Summary Judgment [Doc. 14] be **DENIED**; and (2) that the Defendant's Motion For Summary Judgment [Doc. 16] be **GRANTED**.[1]

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).